UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UMAREX USA, INC., ) | |
| In Re: UMAREX USA, INC. SUBPOENA, ) | |
| ) | |
| ) | |
| GERMAN SPORT GUNS GMBH, ) | No. 1:13-mc-00100-SEB-TAB |
| AMERICAN TACTICAL IMPORTS, INC., ) | |
| ) | |
| Respondents. ) | |

**ORDER ON MOTION TO QUASH AND FOR PROTECTIVE ORDER**

This motion arises out of a related case with many moving parts. *See Heckler & Koch, Inc., v. German Sports Guns GmbH,* 1:11-cv-1108-SEB-TAB. Several motions presently pend before the Court in *Heckler & Koch*: three motions to compel [Docket Nos. 200, 208, 210], a motion to stay [Docket No. 182], and an appeal of the Magistrate Judge's rulings on a motion to compel and motion for reconsideration. [Docket No. 181.]

With due regard for those filings, the Court now turns its attention to the motion to quash and for protective order filed in this miscellaneous case. [Docket No. 6.] For the reasons explained below, the motion to quash is denied and the motion for protective order is granted [Docket No. 6] to the extent necessary pending a ruling on the appeal of the Magistrate Judge's rulings on the motion to compel and motion to reconsider.[1]

---

[1] Originally Umarex filed the motion to quash and alternative motion for protective order in the Western District of Arkansas. District Judge P.K. Holmes, III transferred the motion for a protective order to the Southern District of Indiana and denied the motion to quash without prejudice to either party filing an appropriate enforcement motion in the Western District of Arkansas, if necessary, after this Court issued a ruling on the motion for a protective order. [Docket No. 1 at 4.]

1

Umarex, USA, Inc. is one of the moving parts in this case. As the exclusive distributor of airsoft, airgun, and .22 caliber firearms for Plaintiffs Heckler & Koch, Inc. and Heckler & Koch GmbH, Umarex was served a nonparty subpoena by Defendants German Sports Guns GmbH and American Tactical, Inc. The subpoena requested documents and deposition testimony. Umarex filed the current motion to quash and for protective order, arguing that the requested information is privileged as attorney-client and/or attorney work product material utilizing the common interest and/or joint defense doctrines. In its motion, Umarex seeks a protective order that

- confirms that Umarex's objections to the subpoena are sustained by this Court;

- confirms that Umarex has no obligation to respond in any fashion to any of Defendants' requests seeking documents and things not in the possession, custody or control of Umarex;

- prevents the disclosure of privileged communications;

- prevents the disclosure of any documents until the Southern District of Indiana definitively rules on the pending motion concerning privilege; and

- awards Umarex costs and fees incurred responding to, compiling, and objecting the subpoena pursuant to Rules 26(c)(3) and 37(a)(5).[2]

[Docket No. 7 at 14–15.]

Umarex's motion is part of an ongoing discovery dispute between HK, GSG, and ATI. During discovery, GSG and ATI moved to compel production of privileged communications concerning Umarex. The Court granted in part and denied in part this motion to compel finding, among other things, no privilege between Umarex and HK. *See* Order on Defendants' Motion to Compel, *Heckler & Koch, Inc., v. German Sports Guns GmbH,* 1:11-cv-1108-SEB-TAB (Dec.

---

[2] In addition to these requests, Umarex wanted to be excused from producing a privilege log for its alleged privileged documents and to confirm that the subpoena does not include or apply to nonparty entities in Germany. In its subsequent filings, Umarex withdrew these requests noting that the subpoena was narrower in scope than it originally thought and that the application to the German nonparty entity was moot. [Docket No. 9.]

28, 2012), ECF No. 136.  Thereafter, this Court denied HK's motion to reconsider this finding. *See Heckler & Koch, Inc., v. German Sports Guns GmbH,* No. 1:11-cv-1108-SEB-TAB, 2013 WL 2406262 (S.D. Ind. May 31, 2013).  HK appealed the motion to compel and motion to reconsider arguing that Umarex's communication is privileged, which directly relates to the present motion.  [*See* Docket No. 7 at 4.]

       Given the pending appeal, the Court denies the motion to quash and grants the protective order to the extent necessary.  [Docket No. 6.]  Parties may reassert arguments concerning the protective order without prejudice and to the extent that is necessary and appropriate after the Court issues a ruling on the appeal of the Magistrate Judge's rulings on the motion to compel and motion to reconsider.

Date: 10/28/2013

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Thomas E. Robertson, Jr.
ROBERTSON BEASLEY & FORD PLLC
P.O. Drawer 848
Fort Smith, AR 72902-0848

Jason M. Sneed
SNEED PLLC
jsneed@sneedlegal.com

Douglas B. Bates
STITES & HARBISON, LLP
dbates@stites.com

Jonathan G. Polak
TAFT STETTINIUS & HOLLISTER LLP
jpolak@taftlaw.com